# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY J. CATERBONE, *et al.*, : | |
|     Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. 18-CV-4222 |
| : | |
| THE NATIONAL SECURITY : | |
| AGENCY, NSA, : | |
|     Defendant. : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                          **OCTOBER 4, 2018**

Plaintiff Stanley J. Caterbone, a frequent *pro se* litigant in this Court,[1] filed this apparent civil rights action against the National Security Agency ("NSA"), based primarily on allegations that the NSA has been subjecting him to mind control for three decades. (ECF No. 2.) He names Advanced Media Group and Advanced Media Group, Ltd. as co-Plaintiffs. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Caterbone leave to proceed *in forma pauperis* and dismiss Advanced Media Group and Advanced Media Group, Ltd. as co-Plaintiffs because, as a *pro se* litigant, Caterbone may not represent those entities in federal court. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02; *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012) (per curiam). The Court will also dismiss Caterbone's Complaint

---

[1] *See, e.g., Caterbone v. Comm. of Pa.*, Civ. A. No. 18-2712; *Caterbone v. Lancaster City Bureau of Police*, Civ. A. No. 18-2710; *Caterbone v. Nat'l Sec. Agency*, Civ. A. No. 17-867; *Caterbone v. Obama*, Civ. A. No. 16-4641; *Caterbone v. United States of America*, Civ. A. No. 16-4014; *Caterbone v. Fulton Fin. Corp.*, Civ. A. No. 10-1558; *Caterbone*, Civ. A. No. 09-5205; *Caterbone v. Cty. of Lancaster*, Civ. A. No. 08-2983; *Caterbone v. Lancaster Cty. Police Bureau*, Civ. A. No. 08-2982; *Caterbone v. Comm. of Pa. Dep't of Transp. Bureau of Driver Licensing*, Civ. A. No. 08-2981; *Caterbone v. Fin. Mgmt. Group*, Civ. A. No. 06-4734; *Caterbone v. Wenger*, Civ. A. No. 06-4650; *Caterbone v. Lancaster Cty. Prison*, Civ. A. No. 05-2288.

and place him on notice that the Court may restrict his filing privileges if he continues to file frivolous lawsuits regarding his claims of government mind control.

I.  FACTS

Caterbone's Complaint is voluminous and rambling, totaling 157 pages. A large portion of the Complaint includes allegations that replicate ones Caterbone has brought in previous lawsuits, including *Caterbone v. Lancaster City Bureau of Police*, Civ. A. No. 18-2710, and *Caterbone v. Nat'l Sec. Agency*, Civ. A. No. 17-867.

Once again, Caterbone's Complaint contains allegations regarding CIA and FBI programs dating back to the 1940s as well as events in Caterbone's life for the past 30 years. The Complaint recounts Caterbone's arrests and criminal prosecutions in Lancaster County and Stone Harbor, New Jersey. It is not clear how all of Caterbone's allegations relate to each other or give rise to claims against the NSA, and the Court will not recount all of them here.

To the extent any harmonizing theme can be gleaned from the Complaint, Caterbone appears to be alleging that the NSA has been working with others to conspire against him, attack him, torture him, and threaten his life and property, thereby violating various federal criminal and civil rights laws. The basis for these allegations is Caterbone's contention that, since 1987, he has been a victim of "organized stalking and/or electronic and mind manipulation torture" because of his alleged whistleblowing activities against an international defense contractor. Among other things, Caterbone claims that government authorities are "[b]lanketing [his] dwelling and surroundings with electromagnetic energy [and] [b]ombarding [his] body with debilitating electronic and mind manipulation effects." These attacks have apparently caused Caterbone to develop telepathy. Caterbone also mentions that he has been deprived of sleep, had toxic chemicals introduced into his home, and has been stalked and mobbed *en masse*.

It appears that Caterbone reported the NSA's mind manipulation activity, as well as all of the other incidents he claims have happened, including perceived personal and business slights, to authorities, but that his concerns were not addressed. Caterbone's Complaint also vaguely mentions that he has been involuntarily committed over the years, in 1987, 2006, 2009, and 2010. He also mentions instances of false imprisonment that occurred in 1987 and 2006, as well as an instance where he was detained in a Mexican prison. It is unclear what relief Caterbone seeks.

## II. STANDARD OF REVIEW

The Court will grant Caterbone leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the Complaint and Amended Complaint if they are frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Moreover, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Caterbone is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

Caterbone's claims fail for many of the reasons his previously lawsuits have not succeeded. First, and primarily, Caterbone's claims fail because they are factually frivolous. As indicated above, the general theme of Caterbone's numerous voluminous filings is that he has been the victim of telepathic intrusions, government sabotage, and harassment for approximately three decades because he acted as a whistleblower and filed various lawsuits. It appears that

Caterbone has linked every adverse event in his life—arrests and involuntary commitments, medical and mental health issues, computer problems, and minor incidents of daily life—to that alleged conspiracy. His allegations appear to be based on paranoia, delusions of grandeur, irrational thoughts, and/or fantastic scenarios that courts have consistently found to lack an arguable basis in fact.[2] Accordingly, the Court will dismiss the Complaint as factually frivolous.

Similarly, Caterbone's Complaint in this action is malicious. As noted above, he has once again brought claims that are repetitious of ones he has asserted in previous lawsuits, such as *Caterbone v. Lancaster City Bureau of Police*, Civ. A. No. 18-2710, and *Caterbone v. Nat'l Sec. Agency*, Civ. A. No. 17-867. Caterbone's claims regarding government mind-control and the alleged conspiracy have been previously dismissed. The fact that his claims were previously dismissed "does not give him the right to file [another] lawsuit based on the same facts. *Sendi v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Pa. 1986); *see Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (en banc) ("[T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints."); *Brodzki*, 2012 WL 125281, at *1.

---

[2] *See e.g.*, *DeGrazia v. F.B.I.*, 316 F. App'x 172, 172 (3d Cir. 2009) (per curiam) (concluding complaint was frivolous where plaintiff alleged that "at the age of four, he was the victim of a government-run, Nazi-designed genetic experiment which caused his body to combine with reptile DNA, and that he has since experienced harmful side effects which pose a threat to others"); *Gale v. Williams*, 154 F. App'x 494, 495 (7th Cir. 2005) (holding complaint was frivolous where plaintiff alleged that his ex-wife "remained married to him for 18 years 'to use mind control techniques' and 'inject chemicals' into his 'food and water supply' in her role as an undercover government agent on a mission to ruin his life"); *Chambers v. Dir., C. I. A.*, No. CIV.A. 90-3321, 1990 WL 70155, at *1 (E.D. Pa. May 23, 1990) (dismissing complaint as frivolous where plaintiff alleged "that there is a grand conspiracy of the . . . defendants to harass the plaintiff through various method including electroshock therapy, telekinesis, voice synthesizers, hypnotism, mental telepathy, and cybernetics" because "the CIA is concerned about plaintiff's knowledge of the deaths of such people as Elvis Presley, Gordon Parks, Guy Lomardo, Judy Garland, Greta Garbo, Ralph Abernathy and Max Weiner").

Third, the Complaint, like many of Caterbone's previous filings, fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Among other things, the Complaint contains details about Caterbone's personal and family life, explanations of various government programs, and cites to numerous articles and statutes whose relevance is often unclear. "It is so excessively voluminous and unfocused as to be unintelligible" and "[leaves] the defendants having to guess what of the many things discussed" forms the basis for the claims against them. *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (per curiam). For that reason as well, the Complaint is subject to dismissal.

Fourth, to the extent the Complaint can be construed as raising claims under criminal statutes, those claims fail. Criminal statutes do not generally provide a basis for a litigant's civil claims, and this Court lacks the authority to initiate criminal proceedings. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings."); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[I]t is today beyond all reasonable doubt that the prosecution of violations of federal criminal law in federal court is a function of the federal government, not private parties, and federal courts lack the power to direct the filing of criminal charges[.]" (citations, quotations, and alteration omitted)), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam). In any event, Caterbone "lacks a judicially cognizable interest in the prosecution or nonprosecution of another," and has no right to a government investigation. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a

government entity for its failure to investigate or bring criminal charges against another individual.").

Fifth, to the extent Caterbone raises constitutional claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), he has inappropriately sued the NSA.[3] "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Although *Bivens* creates a damages remedy against individual federal agents for certain constitutional violations, it does not support a cause of action against federal agencies. *See id.* at 486; *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001) (explaining that *Bivens* "is concerned solely with deterring the unconstitutional acts of individual officers"). Accordingly, there is no legal basis for Caterbone's claims against the NSA.

Sixth, Caterbone's claims pursuant to 42 U.S.C. § 1985 fail. "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are

---

[3] Caterbone invokes 42 U.S.C. § 1983 in his Complaint. However, because the NSA is a federal agency, the Court construes such claims to be brought pursuant to *Bivens*. *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) ("A *Bivens* action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law.").

victims of the defendants' tortious conduct").[4] While Caterbone suggests that the NSA and others conspired against him, he fails to mention the type of race- or class-based discrimination that is required to state a claim under § 1985(3).

Finally, the vast majority of Caterbone's constitutional claims are time-barred. Pennsylvania's two-year statute of limitations applies to Caterbone's *Bivens* claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers*, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988). The limitations period began to run when Caterbone "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). "If [a] plaintiff's claims are based on discrete acts which give rise to causes of action that can be brought individually, then the continuing violations doctrine does not serve to extend the applicable statute of limitations periods." *Anders v. Bucks Cty.*, No. CIV.A. 13-5517, 2014 WL 1924114, at *4 (E.D. Pa. May 12, 2014); *see also O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006). Here, it is apparent that the the vast majority of conduct described in the Complaint occurred more than two years before the complaint was filed and that Caterbone knew or should have known of the basis for his claims at the time those events occurred. Accordingly, any claims based on events that took place before September 29, 2016—two years before Caterbone filed this civil action—are time-barred. Moreover, because Caterbone's claims based on events that allegedly took place after September 29, 2016 are factually frivolous and/or repetitious of claims raised in previous lawsuits, the Court concludes it would be futile to allow Caterbone to amend.

---

[4] Caterbone also fails to state a claim under §§ 1985(2) & 1985(3), as nothing in the Complaint suggests that he was either an officer who was prevented from performing her duties or was deterred from attending a court proceeding to testify therein.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Caterbone leave to proceed *in forma pauperis* and dismiss his Complaint. Caterbone will not be given leave to amend because amendment would be futile. As noted above, Caterbone has a history of filing numerous frivolous complaints regarding his allegations of government mind-control in this Court. In light of that history, the Court places Caterbone on notice that further baseless filings may result in restriction of his filing privileges. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process."). An appropriate Order follows.

                          **BY THE COURT:**

                          **/s/ Jeffrey L. Schmehl**
                          **JEFFREY L. SCHMEHL, J.**